1  **MICHELLE BETANCOURT**
   California State Bar No. 215035
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5030
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: michelle_betancourt@fd.org

5  Attorneys for Mr. Sanchez-Castellanos

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                **(HONORABLE DANA M. SABRAW)**

11  UNITED STATES OF AMERICA,       )   Case No. 08cr2334-DMS
                                    )
12              Plaintiff,          )   DATE:       August 29, 2008
                                    )   TIME:       11:00 a.m.
13  v.                              )
                                    )   NOTICE OF MOTIONS AND MOTIONS:
14  **RAMON SANCHEZ-CASTELLANOS**,  )
                                    )   (1)   TO COMPEL DISCOVERY;
15              Defendant.          )   (2)   TO GRANT LEAVE TO FILE
    _____)         FURTHER MOTIONS

17  TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
          SHERRY HOBSON, ASSISTANT UNITED STATES ATTORNEY:

19      PLEASE TAKE NOTICE that on August 29, 2008, at 11:00 p.m., or as soon thereafter as

20  counsel may be heard, the defendant, Ramon Sanchez-Castellanos, by and through his counsel,

21  Michelle Betancourt, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order

22  granting the following motions.

23  //
24  //
25  //
26  //
27  //
28  //

# **MOTIONS**

The defendant, Ramon Sanchez-Castellanos, by and through his attorneys, Michelle Betancourt, and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

1) Compel discovery;
2) Grant leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

DATED: August 15, 2008

 s/ *Michelle Betancourt*
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Sanchez-Castellanos
michelle_betancourt@fd.org

1 | **MICHELLE BETANCOURT**
California State Bar No. 215035
2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3 | San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
4 | E-Mail: michelle_betanacourt@fd.org

5 | Attorneys for Mr. Sanchez-Castellanos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| UNITED STATES OF AMERICA, | ) | Case No. 08CR2334-DMS |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| **RAMON SANCHEZ-CASTELLANOS**, | ) | |
| Defendant. | ) | |

**I.**

**STATEMENT OF FACTS**[1]

On June 28, 2008, Ramon Sanchez-Castellanos drove a Nissan Quest to the San Ysidro Port of Entry. According to the primary agent's report, Mr. Sanchez-Castellanos arrived at the port of entry at "approximately" 5:00 a.m. The primary officer elected to escort Mr. Sanchez-Castellanos to secondary inspection.

On July 15, 2008, the government charged Mr. Sanchez-Castellanos by way of indictment with one count of violating 18 U.S.C. § 545-Importing Merchandise Subject to Seizure. Mr. Sanchez-Castellanos pled not guilty to all counts and charges.

---

[1] Unless otherwise stated, the "facts" referenced in these papers come from government-produced discovery that the defense continues to investigate. Mr. Sanchez-Castellanos does not admit the accuracy of this information and reserves the right to challenge it at any time.

These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Sanchez-Castellanos requests the following discovery. His request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

1.  The Defendant's Statements. The government must disclose to Mr. Sanchez-Castellanos *all* copies of any written or recorded statements made by Mr. Sanchez-Castellanos; the substance of any statements made by Mr. Sanchez-Castellanos that the government intends to offer in evidence at trial; any response by Mr. Sanchez-Castellanos to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. Sanchez-Castellanos's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings that may have been given to Mr. Sanchez-Castellanos; and any other statements by Mr. Sanchez-Castellanos. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* Mr. Sanchez-Castellanos's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

2.  Arrest Reports, Notes and Dispatch Tapes. Mr. Sanchez-Castellanos also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Sanchez-Castellanos or any other discoverable material is contained. **Mr. Sanchez-Castellanos includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROIs that the case agent or any other agent has written.** This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers,

1  dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Sanchez-Castellanos are
2  available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation
3  of rough notes is requested, whether or not the government deems them discoverable.

4        3.   <u>Brady Material</u>. Mr. Sanchez-Castellanos requests all documents, statements, agents'
5  reports, and tangible evidence favorable to him on the issue of guilt and/or that affects the credibility
6  of the government's case. Impeachment and exculpatory evidence both fall within <u>Brady's</u> definition
7  of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States</u>
8  <u>v. Agurs</u>, 427 U.S. 97 (1976).

9        4.   <u>Any Information That May Result in a Lower Sentence</u>. As discussed above, any
10  information that may result in a more favorable sentence must also be disclosed pursuant to <u>Brady</u>,
11  373 U.S. 83. The government must disclose any cooperation or attempted cooperation by
12  Mr. Sanchez-Castellanos, as well as any information that could affect any base offense level or
13  specific offense characteristic under Chapter Two of the United States Sentencing Commission
14  Guidelines Manual ("Guidelines"). Also included in this request is any information relevant to a
15  Chapter Three adjustment, a determination of Mr. Sanchez-Castellanos's criminal history, or any
16  other application of the Guidelines.

17        5.   <u>The Defendant's Prior Record</u>. Evidence of a prior record is available under
18  Fed. R. Crim. P. 16(a)(1)(D). Mr. Sanchez-Castellanos specifically requests a complete copy of any
19  criminal record.

20        6.   <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under
21  Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R.
22  Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in
23  advance of trial . . . of the general nature . . . " of any evidence the government proposes to introduce
24  under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely*
25  the evidential hypothesis by which a fact of consequence may be inferred from the other acts
26  evidence." <u>United States v. Mehrmanesh</u>, 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added;
27  internal citations omitted); <u>see also</u> <u>United States v. Brooke</u>, 4 F.3d 1480, 1483 (9th Cir. 1993)
28  (reaffirming <u>Mehrmanesh</u> and reversing convictions).

1   This includes any "TECS" records (records of prior border crossings) that the government
2   intends to introduce at trial, whether in its case-in-chief, impeachment, or rebuttal. Although there
3   is nothing intrinsically improper about prior border crossings, they are nonetheless subject to 404(b),
4   as they are "other acts" evidence that the government must produce before trial. United States v.
5   Vega, 188 F.3d 1150, 1154-1155 (9th Cir. 1999).

6   Mr. Sanchez-Castellanos requests that such notice be given *three weeks before trial* to give
7   the defense time to adequately investigate and prepare for trial.

8   7.   Evidence Seized. Evidence seized as a result of any search, either warrantless or with
9   a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

10   8.   Request for Preservation of Evidence. The defense specifically requests that all
11   **dispatch tapes** or any other physical evidence that may be destroyed, lost, or otherwise put out of
12   the possession, custody, or care of the government and that relate to the arrest or the events leading
13   to the arrest in this case be preserved. This request includes, but is not limited to **vehicle involved
14   in the case**, Mr. Sanchez-Castellanos's personal effects, and any evidence seized from Mr. Sanchez-
15   Castellanos or any third party. This request also includes any material or percipient witnesses who
16   might be deported or otherwise likely to become unavailable (e.g. undocumented aliens and
17   transients).

18   It is requested that the prosecutor be ordered to *question* all the agencies and individuals
19   involved in the prosecution and investigation of this case to determine if such evidence exists, and
20   if it does exist, to inform those parties to preserve any such evidence.

21   9.   Henthorn Material. Mr. Sanchez-Castellanos requests that the Assistant United States
22   Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel
23   files of each agent involved in the present case for impeachment material. See Kyles v. Whitley, 514
24   U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable
25   evidence known to the others acting on the government's behalf in the case, including the police");
26   United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to,
27   any complaints filed (by a member of the public, by another agent, or any other person) against the
28   agent, whether or not the investigating authority has taken any action, as well as any matter for which

1  a disciplinary review was undertaken, whether or not any disciplinary action was ultimately
2  recommended. Mr. Sanchez-Castellanos further requests production of any such information at least
3  *one week* prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain
4  whether certain information should be disclosed pursuant to this request, this information should be
5  produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

6        10.   Tangible Objects. Mr. Sanchez-Castellanos requests the opportunity to inspect, copy,
7  and test, as necessary, all other documents and tangible objects, including photographs, books,
8  papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof,
9  that are material to the defense or intended for use in the government's case-in-chief or were
10 obtained from or belong to Mr. Sanchez-Castellanos. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr.
11 Sanchez-Castellanos requests **color copies** of all photographs in the government's possession of the
12 alleged narcotics and the vehicle in which the narcotics were found.

13       11.   Expert Witnesses. Mr. Sanchez-Castellanos requests the name, qualifications, and a
14 written summary of the testimony of any person that the government intends to call as an expert
15 witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This summary should include a
16 description of the witness' opinion(s), as well as the bases and the reasons for the opinion(s). See
17 United States v. Duvall, 272 F.3d 825 (7th Cir. 2001) (finding that government's written expert
18 notice did not adequately summarize or describe police detective's testimony in drug prosecution
19 where notice provided only a list of the general subject matters to be covered and failed to identify
20 what opinion the expert would offer on those subjects). This request includes, but is not limited to,
21 disclosure of the qualifications of any government witness who will testify that he understands
22 and/or speaks Spanish or any other foreign language that may have been used during the course of
23 an interview with Mr. Sanchez-Castellanos or any other witness.

24     Mr. Sanchez-Castellanos requests the notice of expert testimony be provided at a minimum
25 of *three weeks prior to trial* so that the defense can properly prepare to address and respond to this
26 testimony, including obtaining its own expert and/or investigating the opinions, credentials of the
27 government's expert and obtain a hearing in advance of trial to determine the admissibility of
28 qualifications of any expert. See Kumho v. Carmichael Tire Co., 526 U.S. 137, 119 S. Ct. 1167,

1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings").

12. <u>Impeachment evidence</u>. Mr. Sanchez-Castellanos requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to Mr. Sanchez-Castellanos. <u>See</u> Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under <u>Brady</u>, 373 U.S. 83. <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

13. <u>Evidence of Criminal Investigation of Any Government Witness</u>. Mr. Sanchez-Castellanos requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

14. <u>Evidence of Bias or Motive to Lie</u>. Mr. Sanchez-Castellanos requests any evidence that any prospective government witness is biased or prejudiced against Mr. Sanchez-Castellanos, or has a motive to falsify or distort his or her testimony. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>Strifler</u>, 851 F.2d 1197.

15. <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity</u>. Mr. Sanchez-Castellanos requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>Strifler</u>, 851 F.2d 1197; <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

16. <u>Witness Addresses</u>. Mr. Sanchez-Castellanos requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Sanchez-Castellanos also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. United States

1 v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

2       17. <u>Name of Witnesses Favorable to the Defendant</u>. Mr. Sanchez-Castellanos requests the name of any witness who made any arguably favorable statement concerning Mr. Sanchez-Castellanos or who could not identify him or who was unsure of his identity or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis</u>, 637 F.2d at 223; <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir. 1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

      18. <u>Statements Relevant to the Defense</u>. Mr. Sanchez-Castellanos requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982). **This includes grand jury transcripts that are relevant to the defense motion to dismiss the indictment.**

      19. <u>Jencks Act Material</u>. Mr. Sanchez-Castellanos requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); <u>see also</u> <u>United States v. Riley</u>, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Sanchez-Castellanos to investigate the Jencks material. Mr. Sanchez-Castellanos requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

      20. <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Mr. Sanchez-Castellanos requests all statements and/or promises, expressed or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any government witnesses.

//

1    21.    <u>Agreements Between the Government and Witnesses</u>.  Mr. Sanchez-Castellanos
2  requests discovery regarding any express or implicit promise, understanding, offer of immunity, of
3  past, present, or future compensation, or any other kind of agreement or understanding, including
4  any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability,
5  between any prospective government witness and the government (federal, state and/or local).  This
6  request also includes any discussion with a potential witness about or advice concerning any
7  immigration benefits, any contemplated prosecution, or any possible plea bargain, even if no bargain
8  was made or the advice not followed.

9    22.    <u>Informants and Cooperating Witnesses</u>.  Mr. Sanchez-Castellanos requests disclosure
10  of the names and addresses of all informants or cooperating witnesses used or to be used in this case,
11  and in particular, disclosure of any informant who was a percipient witness in this case or otherwise
12  participated in the crime charged against Mr. Sanchez-Castellanos.  The government must disclose
13  the informant's identity and location, as well as disclose the existence of any other percipient witness
14  unknown or unknowable to the defense.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957).  The
15  government must disclose any information derived from informants that exculpates or tends to
16  exculpate Mr. Sanchez-Castellanos.

17    23.    <u>Bias by Informants or Cooperating Witnesses</u>.  Mr. Sanchez-Castellanos requests
18  disclosure of any information indicating bias on the part of any informant or cooperating witness.
19  <u>Giglio</u>, 405 U.S. 24.  Such information would include what, if any, inducements, favors, payments
20  or threats were made to the witness to secure cooperation with the authorities.

21    24.    <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Mr. Sanchez-
22  Castellanos requests all citizen complaints and other related internal affairs documents involving any
23  of the immigration officers or other law enforcement officers who were involved in the investigation,
24  arrest and interrogation of Mr. Sanchez-Castellanos.  <u>See</u> <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531,
25  539 (1974).  Because of the sensitive nature of these documents, defense counsel will be unable to
26  procure them from any other source.

27    25.    <u>Training of Relevant Law Enforcement Officers</u>.  Mr. Sanchez-Castellanos requests
28  copies of all written videotaped or otherwise recorded policies or training instructions or manuals

1 issued by all law enforcement agencies involved in the case (United States Customs Service, Border 2 Patrol, INS, Department of Homeland Security, etc.) to their employees regarding: (a) the handling 3 of vehicles suspected to be transporting contraband across the port of entry; (b) the referral to 4 secondary inspection of persons within those vehicles; (c) the detention of individuals within those 5 vehicles; (d) the search of those vehicles and the occupants of those vehicles, including the proper 6 means of obtaining consent to search and what constitutes consent to search; (e) the informing of 7 suspects of their Constitutional rights; (f) the questioning of suspects and witnesses. Mr. Sanchez-8 Castellanos also requests all written or otherwise attainable information regarding the training of 9 Customs agents at ports of entry in California to detect or discover contraband in vehicles entering 10 the United States, including any training offered to Border Patrol, INS, or officers of Homeland 11 Security Department, by the DEA or other law enforcement agencies or individuals.

12        26.    Performance Goals and Policy Awards. Mr. Sanchez-Castellanos requests disclosure 13 of information regarding standards used for measuring, compensating or reprimanding the conduct 14 of all law enforcement officers involved in the case (Customs, Border Patrol, INS, etc.) to the extent 15 such information relates to the detection of contraband. This request specifically includes 16 information concerning performance goals, policy awards, and the standards used by Customs for 17 commending, demoting, or promoting agents for their performance at the port of entry and their 18 success or failure to detect illegal narcotics in general.

19        27.    TECS Reports. Mr. Sanchez-Castellanos requests all TECS reports, including reports 20 pertaining to all vehicle border crossings pertaining to the vehicle used in this case and any vehicles 21 pertaining to Mr. Sanchez-Castellanos. **Any prior border crossings are considered "other acts"** 22 **evidence which the government must produce before trial**. Vega, 188 F.3d at 1154.

23        28.    Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), 24 Ms. Flores requests the reports of all tests and examinations conducted upon the evidence in this 25 case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, 26 that is within the possession, custody, or control of the government, the existence of which is known, 27 or by the exercise of due diligence may become known, to the attorney for the government, and that 28 are material to the preparation of the defense or are intended for use by the government as evidence

in chief at the trial.

29. <u>Brady Information</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

30. <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

31. <u>Specific Request</u>. Mr. Sanchez-Castellanos specifically requests the opportunity to view the "A-File" of the material witness in this case.

32. <u>Residual Request</u>. The defendant intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

### III.

### THIS COURT SHOULD GRANT LEAVE TO FILE FURTHER MOTIONS

Mr. Sanchez-Castellanos and defense counsel have received 17 pages of discovery in this case. Defense counsel has reason to believe this discovery is incomplete. Defense counsel requests leave to file further motions as new information comes to light.

//
//
//
//

## IV.
## **CONCLUSION**

For the reasons stated, Mr. Sanchez-Castellanos requests that this Court grant his motions.

Respectfully submitted,

DATED:   August 15, 2008          s/ *Michelle Betancourt*
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Sanchez-Castellanos
michelle_betancourt@fd.org

**MICHELLE BETANCOURT**
California State Bar No. 215035
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467 Ext. 3737
Facsimile: (619) 687-2666
michelle_betancourt@fd.org

Attorneys for Mr. Sanchez-Castellanos

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| UNITED STATES OF AMERICA, | ) | Case No. 08CR2334-DMS |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | PROOF OF SERVICE |
| **RAMON SANCHEZ-CASTELLANOS**, | ) | |
| Defendant. | ) | |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served via CM/ECF this day upon:

    Sherry Hobson, Assistant United States Attorney
    Sherri.Hobson@usdoj.gov,melissa.d.johnson@usdoj.gov,efile.dkt.nes@usdoj.gov

Dated: August 15, 2008          *s/ Michelle Betancourt*
                                         MICHELLE BETANCOURT
                                         Federal Defenders
                                         225 Broadway, Suite 900
                                         San Diego, CA 92101-5030
                                         (619) 234-8467 (tel)
                                         (619) 687-2666 (fax)
                                         e-mail: michelle_betancourt@fd.org